UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:03-CR-431 |
| Plaintiff, | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Docs. 300, 304.] |
| STANLEY CORNELL, | : | |
| Defendant. | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 18, 2008, Defendant Stanley Cornell ("Cornell") moved this Court for a judgment of acquittal or a new trial pursuant to Federal Rules of Criminal Procedure 29 and 33. [Doc. 300.] On February 27, 2004, a jury convicted the Defendant of conspiracy to possess with the intent to distribute cocaine, possession with intent to distribute and distribution of cocaine, and use of a telephone to facilitate drug trafficking. [Doc. 156.] The Defendant challenges each of these convictions. On April 4, 2008, the prosecution opposed the Defendant's motion. [Doc. 302.] On April 18, 2008, the Defendant moved to amend the March 18 motion and replied to the government's response. [Docs. 304, 305.]

For the reasons presented below, the Court **GRANTS** the motion to amend and **DENIES** Cornell's motion for a judgment of acquittal or a new trial.

## I. Background

On November 19, 2003, a grand jury returned a thirteen count indictment against Defendant Cornell and 8 other defendants. The grand jury indicted Cornell on the following three counts: (1)

Case No. 1:03-CR-431
Gwin, J.

conspiracy to possess with the intent to distribute more than 50 grams of cocaine base and/or more than 5 kilograms of cocaine powder in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846; (2) possession with intent to distribute and distribution of approximately 154 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and (3) use of a telephone to facilitate drug trafficking in violation of 21 U.S.C. § 843(b). [Doc. 1.]

On February 25, 2004, Defendant Cornell and co-defendant Norman Pomales' jury trial commenced in this Court. [Doc. 153.] At trial, Drug Enforcement Agency Special Agents Lee Lucas and John Clayton testified for the government. Special Agent Clayton and Darrel Pinson, an informant, detailed the controlled buy that they facilitated with Cornell through which the police seized the 154 grams of cocaine charged in count two of the indictment. Jason Hager, Randall Allman, Paul Sinatra, Rick Sanders and Lance Hartman, five persons named in the indictment as co-conspirators but not defendants, gave testimony regarding the conspiracy count. Furthermore, Benny Ingram, Jason Lilly, Dwayne Washington and Michael Richardson also testified about the conspiracy charge. Defendant Cornell put on no case-in-chief. On February 27, 2004, a jury returned a verdict of guilty on all counts against Cornell. [Doc. 156.]

The United States filed an information pursuant to 21 U.S.C. § 851, invoking the enhanced sentencing provisions in 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(C). Cornell earlier suffered at least two prior felony drug offense convictions, including convictions for distribution of cocaine in the United States District Court and conviction for trafficking in drugs in the Cuyahoga County Common Pleas Court.

On May 13, 2004, the Court sentenced the Defendant to the mandatory minimum, life without parole, on count one, 360 months of incarceration on count two, and 48 months of

Case No. 1:03-CR-431
Gwin, J.

incarceration on count three to run concurrently. [Doc. 217.] The Court further sentenced the Defendant to supervised release for 10 years on count one, 6 years on count two, and 1 year on count three to run concurrently. *Id*. The Court also imposed a special assessment in the amount of $300. *Id*.

On May 14, 2004, Defendant Cornell filed a timely notice of appeal to the Sixth Circuit Court of Appeals. [Doc. 218.] On January 3, 2006, the Court of Appeals affirmed Cornell's conviction and sentence. [Doc. 266.] On April 3, 2006, Cornell petitioned for writ of certiorari to the United States Supreme Court. [Doc. 276.] The Supreme Court denied the petition on October 2, 2006. [Doc. 281.]

On March 23, 2007, Defendant Cornell moved to vacate pursuant to 28 U.S.C. § 2255. [Doc. 283.] This Court referred the motion to a Magistrate Judge for a Report and Recommendation on March 26, 2007. [Doc. 284.] The motion is currently pending.

On March 18, 2008, the Defendant filed the instant motion for a judgment of acquittal or a new trial. In his initial motion, Cornell alleged the following four claims: (1) the conduct of Special Agent Lucas warrants a new trial; (2) the United States failed to establish the proper foundation, and/or a proper chain of custody, for the admittance of the 154 grams of cocaine; (3) the United States presented perjured and misleading testimony to sustain counts two and three; and (4) the court impermissibly instructed the jury. [Doc. 300.] On April 18, 2008, Cornell moved to amend, adding the following two claims: (1) based upon prosecutorial misconduct a new trial must be granted; and (2) counsel provided ineffective assistance of counsel. [Doc. 304.]

## II. Legal Standard

Federal Rule of Criminal Procedure 29 governs Defendant Cornell's motion for a judgment of acquittal. Rule 29(c) provides that:

-3-

Case No. 1:03-CR-431
Gwin, J.

> (1) Time for a Motion. A defendant may move for a judgment of acquittal, or renew such a motion, within 7 days after a guilty verdict or after the court discharges the jury, whichever is later.
>
> (2) Ruling on the Motion. If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal.

FED. R. CRIM. P. 29(c). A court may grant such a motion only where "the evidence is insufficient to sustain a conviction" of one or more of the offenses charged in the indictment. FED. R. CRIM. P. 29(a). Therefore, the same standard is used by the court in evaluating motions for a judgment of acquittal and insufficiency of the evidence claims. *See United States v. Abner*, 35 F.3d 251, 253 (6th Cir. 1994). Specifically, a court must review the record in the light most favorable to the prosecution and grant relief only if it finds that no rational trier of fact could have found proof of guilt beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

Federal Rule of Criminal Procedure 33 governs Defendant Cornell's motion for a new trial. Rule 33 states that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(b). The Rule also provides the following time constraints on filing a motion for a new trial:

> (b) Time to File.
>
> (1) Newly Discovered Evidence. Any motion for a new trial grounded in newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.
>
> (2) Other Grounds. Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty.

FED. R. CRIM. P. 33(b). A defendant may ground a Rule 33 motion on newly-discovered evidence or misconduct by the prosecutor or the court. *See, e.g., United States v. Francis*, 170 F.3d 546,

Case No. 1:03-CR-431
Gwin, J.

549-50 (6th Cir. 1999); *United States v. Garland*, 991 F.2d 328 (6th Cir. 1993). The trial court has broad discretion to grant a Rule 33 motion. *See United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988). Nevertheless, a court should "exercise such discretion only in the extraordinary circumstances where the evidence preponderates heavily against the verdict." *Id.*

If the defendant fails to file a timely Rule 29 or Rule 33 motion, an extension of time may be granted under Federal Rule of Criminal Procedure 45. Rule 45(b) provides that "[w]hen an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made... after the time expires if the party failed to act because of excusable neglect." FED. R. CRIM. P. 45(b). "The movant first must demonstrate that his failure to meet the deadline was a case of neglect.... Second, the movant must establish that the failure to act was excusable." *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005). The Supreme Court has set forth the following factors for determining excusable neglect:

> The determination of whether a case of neglect was excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include... the danger of prejudice to the [non-moving party], the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993). If the court finds that the filing delay was due to excusable neglect, the court may extend the time to file and determine whether to grant a motion for a judgment of acquittal or a new trial on the merits.

### III. Analysis

The Court will address Defendant Cornell's claims for relief in the following order. First, the Court resolves Cornell's claim that DEA Special Agent Lucas' conduct warrants a new trial ("Claims

Case No. 1:03-CR-431
Gwin, J.

Involving DEA Agent Lucas"). The Court denies the Defendant's motion for a new trial on the merits of this claim. Second, the Court addresses the Defendant's prosecutorial misconduct claim. Because Cornell raised this claim in the instant motion and in his 2255 motion ("2255 Claims"), the Court declines to address the claim at this time. Third, the Court resolves the Defendant's three remaining ineffective assistance of counsel claims, his chain of custody, and jury instruction claims. ("Forfeited Claims"). The Court finds that these claims are time-barred under Rules 29 and 33 and do not warrant a Rule 45 time extension. Therefore, the Defendant's motion for a judgment of acquittal or a new trial is denied on all claims.

### A. Claims Involving DEA Agent Lucas

Defendant Cornell argues that there is newly discovered evidence regarding the conduct of Special Agent Lee Lucas that warrants a new trial or, in the alternative, a hearing to ascertain Lucas' involvement in his case. [Doc. 300 at 22-24.] Cornell alleges that "[b]ased upon information released by the United States, Lucas... is the subject of a federal investigation." *Id*. at 22. While he admits that the extent of Lucas' involvement is unknown, Cornell alleges that certain individuals were released from custody because their convictions were improperly obtained due to Lucas and an informant's fraud and perjury. *Id*. Therefore, he argues that he is entitled to a new trial to cross-examine Lucas about conspiracy and perjury because Lucas was "directly responsible for the gathering of evidence that led to [his] conviction." *Id*. at 23.[1]

---

[1] Cornell further alleges that the United States improperly bolstered Lucas' testimony by referring to him as "Special Agent" and "detailing his investigatory techniques" during his testimony and the government's closing argument. The Court finds that this argument lacks merit. The prosecution had to detail his techniques to establish Lucas as an expert. Furthermore, Lucas' position at the DEA is that of Special Agent, rendering it entirely proper for the government to refer to him by that name. Finally, the Defendant had a full and fair opportunity to cross-examine Lucas at trial and impeach his credibility.

Case No. 1:03-CR-431
Gwin, J.

The Court notes initially that the Defendant cites no concrete evidence against Lucas. Cornell does not explain the source of his information.[2/] Furthermore, he sets forth general allegations and cites no specific facts. Because the Defendant is pro se, the Court liberally construes his pleadings and motions. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). The Court finds that Cornell properly brought this claim under Rule 45; however, the Court further concludes that on the merits of his claim, the Defendant is not entitled to a new trial.

*1. Timeliness*

Pursuant to Rule 33(b)(1), "[a]ny motion for a new trial grounded in newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." FED. R. CRIM. P. 33(b)(1). Because Cornell filed the instant motion more than four years after the guilty verdict, his claim is time-barred under Rule 33.

The Court finds that the Defendant has established excusable neglect such that he is entitled to a time extension pursuant to Rule 45. The Defendant moved for a new trial thirteen months after the Rule 33 deadline. The government argues that there is a danger of prejudice as it may have trouble recalling witnesses in a new trial because the first trial was over four years ago. [Doc. 302 at 5.] However, the Court finds that the reason for the delay and the Defendant's good faith outweigh these factors. The evidence presented by Cornell regarding Lucas was not available at the time of trial. Moreover, because Cornell alleges newly discovered evidence, a motion for a new trial is the proper forum in which to raise his claim. Therefore, the Defendant's motion for a new trial on this claim is properly before the Court.

---

[2/] The government suggests that Cornell obtained the information from articles in the Cleveland Plain Dealer that discussed the release of certain persons unconnected to the instant case due to the alleged impropriety of Lucas and his confidential informant, Jerrell Bray.

Case No. 1:03-CR-431
Gwin, J.

*2. Merits*

Newly discovered evidence warrants a new trial if the defendant can establish "(1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce an acquittal." *United States v. Heriot*, 496 F.3d 601, 604 (6th Cir. 2007).

While Defendant Cornell may satisfy the first three requirements, he cannot establish that the evidence would likely lead to an acquittal. *See United States v. Pierce*, 62 F.3d 818, 825 (6th Cir. 1995) (where newly discovered evidence satisfies the first three requirements but fails the fourth, a motion for a new trial is properly denied). As such, the Court assumes without deciding that Cornell can establish that this evidence was discovered after trial, it could not have been discovered by due diligence, and it is material.

Lucas' testimony at trial as it related to Cornell was extremely limited. During the government's direct examination, Lucas' testimony dealt primarily with Co-Defendant Pomales. [Trial Transcript, Vol. I, 2-37.] On cross examination, Lucas testified that his first personal contact with Cornell was when Lucas arrested him. *Id.* at 38. Moreover, nine people corroborated the testimony and detailed their involvement in the drug trade with Cornell. To illustrate, Jason Lilly testified that he met Cornell in 1998 and began purchasing drugs from him thereafter. [Trial Transcript, Vol. II, at 247-48]. He estimated that he purchased between twenty-five and thirty kilograms of cocaine from Cornell. *Id.* at 262. Lilly also stored up to five kilograms of cocaine at a time for Cornell and saw Cornell sell cocaine to other purchasers. *Id.* at 253. Benny Ingram testified that he purchased cocaine from Cornell twenty to twenty-five times in 2000. *Id.* at 422. He also stored more than a kilogram

Case No. 1:03-CR-431
Gwin, J.

of cocaine for Cornell. *Id*. at 416. Finally, Paul Sinatra testified that he met Cornell in 1999 and purchased four and a half ounces of cocaine from him in 2000. [Trial Transcript, Vol 1, at 170-171].

Finally, Cornell references several news stories regarding Lucas. Those stories have indicated that Lucas used an informant whose credibility he should have questioned–Jerrell Bray.[3/] Bray was not an informant in this case, thus, Cornell's only argument goes to Lucas's potentially unethical behavior. Cornell does not point to any specific problems with his case.

Given Lucas' limited testimony and the extensive testimony of nine others regarding the conspiracy charge, the Court finds that the newly discovered evidence would not likely lead to an acquittal. As Cornell cannot establish prejudice, the Court declines to grant him an evidentiary hearing. *See* United States v. Allen, 53 Fed.Appx. 367, 377 (6th Cir. 2002); *see also* United States v. O'Dell, 805 F.2d 637, 643 (6th Circuit, 1986) (district court did not abuse discretion in denying an evidentiary hearing where newly discovered evidence, viewed in light of the entire record, is of minor significance). Therefore, the Court denies Defendant Cornell's motions for a new trial and a hearing on this claim.

### B. 2255 Claims

Defendant Cornell brought a prosecutorial misconduct claim in the instant motion that is a repetition of a claim in his petition to vacate pursuant to 28 U.S.C. § 2255. Specifically, that claim states that there was prosecutorial misconduct in that the United States presented perjured and misleading testimony to sustain counts two and three. The Court finds that the 2255 petition provides the proper forum through which it will evaluate this claim; therefore, the Court declines to address the claim at this time.

---

[3/]Radley Balko, *Cleveland DEA Informant Scandal Wraps Up,* **Reason Magazine**, July 14, 2008.

Case No. 1:03-CR-431
Gwin, J.

## C. Forfeited Claims

Defendant Cornell brought the remaining claims in his motion for a judgment of acquittal, or a new trial: (1) three ineffective assistance of counsel claims alleging failure to properly object to the cocaine admission, failure to object to Pinson's testimony, and failure to impeach Pinson's testimony; (2) chain of custody; and (3) jury instructions. Finally, Cornell moved the Court for an evidentiary hearing to determine whether there was sufficient evidence to admit the cocaine. Because these claims are time-barred, the Court finds that Cornell has forfeited them.

*1. Timeliness*

The Court finds that these claims are time-barred pursuant to Federal Rules of Criminal Procedure 29 and 33. As previously set forth, Defendant Cornell filed the instant motion over four years after a jury returned the guilty verdict. Cornell failed to move for a judgment of acquittal within seven days of the guilty verdict as required under Rule 29. Cornell also failed to move for a new trial within the time proscribed in Rule 33.

The Court further finds that Defendant Cornell is not entitled to a Rule 45 time extension on these claims. The Defendant was convicted over four years ago and the government may be prejudiced by a time extension. While the Defendant acknowledges that ignorance of the law is no excuse, he argues that he had no knowledge about the law and motions he could file. He says that his trial and appellate counsel were ineffective in failing to raise these issues or advise him that he could raise them. Cornell cannot establish that the delay was due to counsel's ineffectiveness because, as the Court discusses below, even had the claims been timely raised, the Defendant would lose on the merits. Moreover, the Defendant has not raised these claims in good faith. The claims should have been raised in the Defendant's direct appeal or his Section 2255 motion. He alleges no

Case No. 1:03-CR-431
Gwin, J.

newly discovered evidence to support a new trial, nor does he prove that the evidence is insufficient to support his conviction to warrant a judgment of acquittal.

*2. Merits*

Even if the remaining claims were not time-barred, Defendant Cornell would lose on the merits of each.

*a. Ineffective Assistance of Counsel*

Defendant Cornell alleges three ineffective assistance of counsel claims: (1) inadequate and incomplete objections to the admission of 154 grams of cocaine; (2) failure to object to Pinson's testimony; and (3) failure to impeach Pinson's testimony.

The Supreme Court outlined the test governing claims of ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984). The benchmark for any such claim is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*. at 686. A claim of ineffective assistance of counsel has two components: a petitioner must show (1) that his counsel's performance was deficient; and (2) that he was prejudiced by that deficient performance. *Id*. at 687. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id*. The reviewing court need not address both components of an ineffective assistance of counsel claim if the petitioner makes an insufficient showing of either component. *Id*. at 697.

Defendant Cornell argues that his counsel was ineffective because he *inadequately* objected to the admission of 154 grams of cocaine. [Doc. 300 at 24.] The Defendant cannot establish that his counsel's performance was deficient. Cornell's trial counsel did object to the admission of the

-11-

Case No. 1:03-CR-431
Gwin, J.

cocaine on the ground that the prosecution failed to establish the chain of custody. His counsel's original objection is sufficient. *See* United States v. Jameson, 1989 WL 21699, at *5 (6th Cir. 1989) (unpublished table decision) (holding the Defendant's counsel effective where he had challenged evidence admitted at trial).[4/]

Cornell argues that his attorney should have objected to Pinson's testimony because it contradicted Special Agent Clayton's testimony. Specifically, Pinson testified that Special Agent Clayton did not pick up the drugs after the controlled buy for a few days, while Special Agent Clayton testified he did so the day of the buy. [Trial Transcript, Vol. II, 484, 556.] As an initial matter, the Court sees no legal basis for making an objection to this testimony. The contradiction would have allowed his counsel to impeach his testimony–thus the Court considers this claim under Cornell's failure to impeach claim.

Cornell's argument that his counsel was ineffective in failing to impeach Pinson's testimony fails. Moreover, even if Cornell's counsel's performance was deficient, Cornell cannot establish prejudice. The discrepancy in testimony does not destroy the chain of custody for the drugs. Had Cornell's counsel pointed to this inconsistency, this Court's ruling on the chain of custody would not have been different.

Moreover, this failure to impeach would not have affected the trial's outcome. Special Agent Clayton's testimony and the tape-recorded conversations between Pinson and Cornell regarding the

---

[4/] As Tom Cruise learned in *A Few Good Men*, the strength or force of the objection has no legal significance. Cruise objected to certain testimony, and the court overruled the objection. He then strenuously objected; the court did not reconsider his objection. Later, his co-counsel, played by Kevin Pollak, indicated the absurdity of the second, more strenuous objection: "'I strenuously object?' Is that how it works? Hm? 'Objection.' 'Overruled.' 'Oh, no, no, no. No, I STRENUOUSLY object.' 'Oh. Well, if you strenuously object then I [the judge] should take some time reconsider.'" A FEW GOOD MEN (Castle Rock Entertainment 1992).

-12-

Case No. 1:03-CR-431
Gwin, J.

154 grams of cocaine alone are sufficient support for his conviction on count two of the indictment. Therefore, the Defendant cannot establish that but-for his counsel's failure to impeach Pinson, the outcome would have been different.

*b. Chain of Custody*

In his chain of custody claim, Defendant Cornell alleges that "the United States failed to establish the proper foundation, and/or a proper chain-of-custody for the admittance of the 154 grams of cocaine." [Doc. 300 at 24.] In support of this claim, Cornell argues that (1) the government improperly failed to present Pinson's brother, the person Cornell allegedly left the cocaine with during the controlled buy, to corroborate the chain of custody; (2) his counsel was ineffective in failing to bring Pinson's brother before the Court; and (3) Pinson's testimony with respect to the cocaine's origin violated the Sixth Amendment's Confrontation Clause. Finally, Cornell moves the Court for an evidentiary hearing to determine whether sufficient evidence supports the admission of the cocaine.

First, the government sufficiently established the chain of custody without the testimony of Pinson's brother. The government's evidence included the testimony of Special Agent Clayton and Pinson as well as tape-recorded conversations between Pinson and Cornell about the 154 grams of cocaine. As the government established the chain of custody, the evidence was properly admitted. Therefore, the Court denies Cornell's motion for a hearing on this issue. Second, the Defendant has failed to prove that his counsel's failure to bring Pinson's brother before the Court prejudiced him, particularly since the government present evidence adequate to establish the chain of custody. Third, Pinson's testimony did not violate the Confrontation Clause.

The Sixth Amendment's Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right... to be confronted with the witnesses against him." U.S. CONST.

Case No. 1:03-CR-431
Gwin, J.

amend. VI. Only hearsay evidence that is testimonial implicates the Confrontation Clause. *See Crawford v. Washington*, 541 U.S. 36, 51 (2004). While the Court declined to comprehensively define testimonial, it did state that "it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." *Id*. at 68. The Court also acknowledged that "[a]n accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." *Id*. at 51. The testimony that Pinson gave regarding the cocaine purchase from the Defendant is not testimonial. Pinson testified that on the day of the controlled buy he was not at home when Cornell arrived but that "I received a call from my brother that he [Cornell] was there waiting for me... My brother had so much money, he gave it to him [Cornell]." [Trial Transcript, Vol. II, 544.]

The brother's statement in the phone call to Pinson was not testimonial hearsay. It was a statement made within a criminal enterprise–not a formal statement to government officers. *United States v. Cromer*, 389 F.3d 662, 673 (6th Cir. 2004) ("A statement made by one participant in a criminal enterprise to another, intended to further the enterprise, is not testimonial."). Furthermore, pursuant to Federal Rule of Evidence 801(d)(2)(E), Pinson's statements did not constitute hearsay. Therefore, Pinson's testimony did not violate the Confrontation Clause.

*c. Jury Instructions*

Defendant Cornell claims that the trial court improperly instructed the jury, and this improper instruction resulted in a constructive amendment of count one of the indictment in violation of his Fifth and Sixth Amendment rights. [Doc. 300 at 17.] Cornell's counsel did not object to the jury instructions on this ground. *See* Fed. R. Crim. Pro. R. 30(d). Thus, he has forfeited all but plain error review. Fed. R. Crim. Pro. R. 51(b); 52(b).

Case No. 1:03-CR-431
Gwin, J.

"Constructive Amendments are variances occurring when an indictment's terms are effectively altered by the presentation of evidence and jury instructions that 'so modify essential elements of the offense charged that there is a substantial likelihood the defendant [was] convicted of an offense other than that charged in the indictment.'" *United States v. Combs*, 369 F.3d 925, 936 (6th Cir. 2004). Cornell alleges that the jury instructions altered count one of the indictment in that the Court removed the question of cocaine quantity from the jury and that any determination they made lacked substance. [Doc. 300 at 18, 21.] The Court instructed the jury with respect to count one that, "if you find beyond a reasonable doubt these elements of conspiracy, then you must determine beyond a reasonable doubt the amount of cocaine base, crack, and/or the amount of cocaine involved in the conspiracy." [Jury Instructions, 14.] The jury determined the amount of cocaine and indicated their finding on a special verdict form. Therefore, Cornell's argument that the Court constructively amended count one and removed the quantity determination from the jury lacks merit.

Cornell also argues that the Court failed to instruct the jury that "they could only find amounts for which Cornell was directly responsible for, or amounts that he was reasonable forseeable for." [Doc. 300 at 21.] A defendant may be "sentenced and held accountable for an amount of contraband representing less than the complete scope of the conspiracy." *United States v. Alvarez*, 266 F.3d 587, 594 (6th Circuit 2001). He will be held accountable for that which he was directly responsible and "'for other conspirators' conduct only if that conduct was reasonably foreseeable to him and in furtherance of the execution of the jointly undertaken criminal activity." *United States v. Jenkins*, 4 F.3d 1338, 1346 (6th Circuit 1993).

The government presented extensive witness testimony sufficient to prove that the amount of cocaine charged in count one of the indictment was within the scope of the conspiracy and

Case No. 1:03-CR-431
Gwin, J.

reasonably foreseeable to Cornell. As previously stated, Jason Lilly testified that he purchased about twenty-five to thirty kilograms of cocaine from Cornell. [Trial Transcript, Vol. II, 262.] In addition, Jason Hager testified that he purchased approximately thirty to forty kilograms of cocaine from Cornell. [Trial Transcript, Vol. I, 65.] The jury found Defendant Cornell guilty of conspiracy to possess with the intent to distribute and/or distribution of 50 or more grams of cocaine base and five or more kilograms of cocaine. [Doc. 156.] Therefore, the Court did not err in instructing the jury on this point.

### IV. Conclusion

For the reasons stated above, the Court **GRANTS** Cornell's motion to supplement his motion and **DENIES** his motions for a judgment of acquittal or a new trial and an evidentiary hearing.

IT IS SO ORDERED.

Dated: July 25, 2008           *s/  James S. Gwin*
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE