UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                        :
UNITED STATES OF AMERICA,           :      CASE NO. 1:03-CR-431-2
                                                        :
         Plaintiff,                             :
                                                        :
vs.                                                  :      ORDER & OPINION
                                                        :      [Resolving Doc. No. 317]
STANLEY CORNELL,                         :
                                                        :
         Defendant.                           :
                                                        :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On August 11, 2008, Defendant Stanley Cornell ("Cornell") moved this Court to reconsider its July 25, 2008 Order denying Cornell's motion for judgment of acquittal or a new trial. [Doc. 317.] On September 8, 2008, the government opposed the Defendant's motion. [Doc. 318.] For the reasons presented below, the Court **DENIES** Cornell's motion for reconsideration.

I. Background

On February 27, 2004, a jury returned a verdict of guilty on three counts of drug trafficking against Cornell [Doc. 156], and on May 13, 2004, the Court sentenced the Defendant to life without parole [Doc. 217]. On January 3, 2006, the Court of Appeals affirmed. [Doc. 266.] Subsequently, the United States Supreme Court denied Cornell's petition for a writ of certiorari. [Doc. 281.] On March 23, 2007, Defendant Cornell moved to vacate pursuant to 28 U.S.C. § 2255. [Doc. 283.] This Court referred the motion to a Magistrate Judge for a Report and Recommendation [Doc. 284] and the motion is currently pending.

On March, 18, 2008, the Defendant filed a motion for a judgment of acquittal or a new trial [Doc. 300], which he later amended [Doc. 304]. In the motion, Cornell alleged the following claims:

-1-

Case No. 1:03-CR-431-2
Gwin, J.

(1) the conduct of Special Agent Lucas warrants a new trial; (2) the United States failed to establish the proper foundation, and/or a proper chain of custody, for the admittance of the 154 grams of cocaine; (3) the United States presented perjured and misleading testimony to sustain counts two and three; (4) the court impermissibly instructed the jury; (5) based upon prosecutorial misconduct a new trial must be granted; and (6) counsel provided ineffective assistance of counsel. [*Id*.]

On July 25, 2008, the Court denied the Defendant's motion. [Doc. 315.] The Court rejected the claim for a new trial based on the involvement of DEA Agent Lucas, because the new evidence would not likely lead to an acquittal, given Lucas' limited testimony and the extensive testimony of many others against Cornell. [*Id*. at 9.] Further, the Court declined to address the Defendant's prosecutorial misconduct claim, deeming it properly evaluated in the § 2255 forum. [*Id*.] Finally, the Court held that the Defendant's remaining claims regarding ineffective assistance of counsel, chain of custody, and jury instructions were time-barred under Rules 29 and 33 and did not warrant a Rule 45 time extension. [*Id*. at 10.] Cornell moves for reconsideration of this denial.

## II. Legal Standard

The Federal Rules of Criminal Procedure do not provide for a motion to reconsider, but common law doctrine recognizes such motions. *See United States v. Holtzhauer*, 2006 WL 1582444, at *1 (S.D. Ohio June 8, 2006). "Courts presented with motions for reconsideration in criminal cases typically evaluate those motions under the same standards applicable to a civil motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure." *Id.*

A court may grant a motion to alter or amend a judgment as an efficient means to correct an otherwise erroneous judgment. *Boler Co. v. Watson & Chalin Mfg., Inc.*, 372 F. Supp. 2d 1013, 1024 (N.D. Ohio 2005). A reconsideration motion is not an opportunity to re-litigate previously

-2-

Case No. 1:03-CR-431-2
Gwin, J.

decided matters or present the case under new theories. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Following the established Rule 59(e) standard, a court grants a motion for reconsideration for one of four reasons: an intervening change in controlling law, evidence not previously available has become available, it is necessary to correct a clear error of law, or to prevent manifest injustice. *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).  A motion to alter or amend a judgment is an extraordinary remedy that a court grants sparingly in the interests of repose and conservation of scarce judicial resources. *Holtzhauer*, 2006 WL 1582444, at *1 (citations omitted).

## III.  Analysis

Defendant Cornell does not meet the required standard for the Court to grant reconsideration. Cornell only argues that the Court clearly erred in its application of law, and the argument fails on each claim.  On the issue of the new Lucas evidence, the Defendant asserts that the Court did not properly consider the effect the new evidence might have had on the outcome of his trial because the Lucas evidence might undermine the entire investigation.  However, the Court reiterates that it believes there was ample testimony and other evidence against the Defendant that would not be affected by any potential new evidence related to Agent Lucas.  As to the prosecutorial misconduct claim, the Defendant argues that he *can* litigate his claim under both Rule 33 and in a § 2255 petition simultaneously.  This does not mean, however, that the Court *must* consider the claim in this forum, and so the Court limits review of the claim to the more appropriate vehicle.  Finally, the Defendant argues that his remaining claims should not be time-barred because ineffective assistance of counsel caused the delay, and would amount to excusable neglect.  The Court has previously considered and rejected this argument, and therefore refused to grant a Rule 45 time extension on these claims.  The

Case No. 1:03-CR-431-2
Gwin, J.

Defendant forfeited the claims, and the Court will not again consider each on the merits.

IV. Conclusion

For these reasons, this Court **DENIES** the Defendant's motion to reconsider. [Doc. 317].

IT IS SO ORDERED.

Dated: September 26, 2008						s/	*James S. Gwin*
									JAMES S. GWIN
									UNITED STATES DISTRICT JUDGE