UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
UNITED STATES OF AMERICA, : CASE NO. 1:03-cr-0431
:
Plaintiff, :
:
vs. : ORDER & OPINION
: [ Resolving Doc. No. 343]
STANLEY CORNELL, :
:
Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Stanley Cornell moves this Court under Federal Rule of Civil Procedure 59(e) to reconsider, alter, or amend its June 30, 2009 order denying Cornell's § 2255 motion. [Doc. 343.] The Government has not responded. For the following reasons, the Court generally **DENIES** the Defendant's motion for reconsideration. The court, however **VACATES** in part its order and opinion of June 30, 2009 to the extent that order denied the Defendant a certificate of appealability.

I. Background

On March 23, 2007, Defendant Cornell first filed a motion under 28 U.S.C. § 2255 to vacate his sentence. [Doc. 283.] Cornell then filed a motion for leave to supplement his § 2255 motion, a motion to compel discovery, and a motion for recusal of the Assistant United States Attorney on the case. [Docs. 289, 292, 293.] After reviewing all of these motions and the responses filed by the Government, the Court denied each motion in its June 30, 2009 order. [Doc. 341.]

In the instant motion for reconsideration, Cornell argues that the Court's legal analysis related to § 2255 discovery is clearly erroneous because the Court applied too high of a standard with

-1-

Case No. 1:03-cr-0431
Gwin, J.

respect to the allegations necessary to merit discovery. [Doc. 343 at 4-7.] Cornell also contends that the Court clearly erred in its analysis of potential contradictions between Agent Clayton's report and trial testimony and in its conclusion that there was ample evidence other than the testimony of Agents Lucas and Clayton to convict Cornell. [*Id.* at 7-9.] Finally, Cornell objects to the Court's denial of a certificate of appealability before Cornell had the opportunity to request such a certificate on specific individual grounds. [*Id.* at 10-11.]

## II. Legal Standard

Rule 59(e) of the Federal Rules of Civil Procedure allows for the filing of a motion to alter or amend a judgment, if such a motion is filed within 10 days of the judgment. Fed. R. Civ. P. 59(e). A court may grant a motion to alter or amend a judgment as an efficient means to correct an otherwise erroneous judgment. *Boler Co. v. Watson & Chalin Mfg., Inc.*, 372 F. Supp. 2d 1013, 1024 (N.D. Ohio 2005). A reconsideration motion is not an opportunity to re-litigate previously decided matters or present the case under new theories. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Such a motion is extraordinary and is seldom granted because it contradicts notions of finality and repose. *See Wells Fargo Bank v. Daniels,* No. 1:05-CV-2573, 2007 WL 3104760, at *1 (N.D. Ohio Oct. 22, 2007); *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).

A court may grant a motion to amend or alter judgment (1) to correct a clear error of law, (2) to address newly discovered evidence, (3) to address an interviewing change in controlling law, or (4) to prevent manifest injustice. *See Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "It is not the function of a motion to reconsider either to renew arguments already

Case No. 1:03-cr-0431
Gwin, J.

considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (citation omitted).

### III. Analysis

Of the four potential reasons to grant a motion for reconsideration, Cornell relies only on the necessity to correct a clear error of law. He does not assert any intervening change in controlling law, evidence not previously available, or a need to prevent manifest injustice. However, Cornell does not raise any new substantive arguments. He reiterates the same arguments he has brought before this Court four separate times. [*See* Docs. 283, 289, 292, 293, 300, 317, 343.] The Court has denied these arguments three times before, and does so again. [*See* Docs. 315, 319, 341.]

In arguing that the Court applied too high of a standard with respect to seeking discovery on a § 2255 motion, Cornell disagrees with the Court's interpretation of the Supreme Court's decision in *Bracy v. Gramley*, 520 U.S. 899 (1997). The Court noted that in that case the petitioner made specific allegations that the trial judge was biased in his own case. [Doc. 341 at 19.] Cornell asserts that "[t]here was absolutely no evidence proffered by the prisoner in *Bracy* showing any corruption *in Bracy's criminal* case. . . ." [Doc. 343 at 6 (emphasis in original).] However, this is not the relevant inquiry. Bracy's trial judge was convicted of accepting bribes from criminal defendants. *Bracy*, 520 U.S. at 905. If such corruption had existed in Bracy's case, it would have worked in the defendant's favor. *Id.* It was the *absence* of bribery that led to the inference that the trial judge was biased in Bracy's case. *Id.* However, in its opinion in *Bracy*, the Supreme Court explicitly relied

-3-

Case No. 1:03-cr-0431
Gwin, J.

on the fact that the "petitioner supported his discovery request by pointing not only to [the Judge's] conviction for bribe taking in other cases, but also to additional evidence . . . that lends support to his claim that [the Judge] was actually biased *in petitioner's own case*." *Bracy*, 520 U.S. at 909 (emphasis in original). As Cornell does not present evidence supporting specific allegations of bias in his own case, his reliance on *Bracy* is misplaced. *See id.*

Cornell also misconstrues the Court's conclusion regarding grand jury transcripts. [Doc. 343 at 7.] The Court did not say that such transcripts are *unavailable*, but that they are not *required*. [Doc. 341 at 19.] Because Cornell points to no clear error of law in the Court's reasoning, the Court will not reconsider the motion seeking discovery.

In arguing that the Court's findings and conclusions related to Agent Clayton's report and trial testimony were clearly erroneous, Cornell makes no new arguments. He simply reiterates his view that the report and trial testimony were contradictory. For the reasons provided in the June 30, 2009 order, the Court disagrees that the two necessarily contradict, and again states that any inconsistencies did not rise to the level of a due process violation. [Doc. 341 at 9-15.]

Cornell also challenges the Court's conclusion that there was ample evidence and testimony to convict Cornell at trial. In making this argument, however, Cornell cites no clear error of law, but only disagrees with the Court's analysis. For the reasons described in detail in its July 25, 2008, order denying Cornell's motion for a new trial, the Court adheres to its conclusion regarding the sufficiency of the other evidence against Cornell. [*See* Doc. 315 at 8-9.]

Finally, Cornell argues that he should be given the opportunity to request a certificate of appealability (COA), and the chance to set forth individual grounds meriting a COA. To this extent, the Court grants the motion to reconsider, and will vacate its previous ruling denying a certificate

Case No. 1:03-cr-0431
Gwin, J.

of appealability. Cornell may appeal this Court's findings related to the discovery issue and the Government's use of Agent Lee Lucas's testimony and his claim that he did not receive the effective assistance of counsel.

IV. Conclusion

For the foregoing reasons, this Court **DENIES** the Defendant's motion for reconsideration of its June 30, 2009 order, except to **VACATE** that order's ruling denying a certificate of appealability. [Docs. 343, 341]. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from that decision could be taken in good faith, and the court hereby issues a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b) as to the above-mentioned issues.

IT IS SO ORDERED.


Dated: October 1, 2009                    s/      *James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE