UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
UNITED STATES OF AMERICA, :
: CASE NO. 1:03-CR-00431-2
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 409]
STANLEY CORNELL, :
:
Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Pro se petitioner Stanley Cornell has filed "written objection[s]" to this Court's September 18, 2012, Order, granting in part Cornell's request for discovery to further his 28 U.S.C. § 2255 petition for relief. [Doc. 409.] The Government opposes Cornell's objections. [Doc. 410.] The Court construes Cornell's objections as a motion for reconsideration under Federal Rule of Civil Procedure 59. Because the Court has granted Cornell the opportunity to conduct discovery in accordance with the Court of Appeal's order, the Court **DENIES** Cornell's motion.

**I. Background**

In 2007, Cornell filed a motion under 28 U.S.C. § 2255 to vacate his sentence. [Doc. 283.] Cornell then filed a motion for leave to supplement his § 2255 motion, a motion to compel discovery, and a motion for recusal of the Assistant United States Attorney on the case. [Docs. 289; 292; 293.] Generally, Cornell alleged that the prosecutor committed misconduct by presenting false

Case No. 1:03-CR-00431-3
Gwin, J.

testimony of Drug Enforcement Administration ("DEA") Agent Lee Lucas. [Doc. 289 at 1.] Cornell also argued that his trial counsel was ineffective by failing to properly investigate Lucas's background and to impeach Lucas during trial. [*Id.*] This Court denied his § 2255 motion—but granted Cornell a certificate of appealability on his motion for discovery, his claims concerning Lucas, and his claim of ineffective assistance of counsel. [Docs. 341; 345.]

The United States Court of Appeals for the Sixth Circuit instructed the Court to reconsider Cornell's § 2255 motion and allow him "to engage in limited discovery relating to Lucas's participation in [Cornell's] investigation and prosecution." [Doc. 375.] Thus in May 2012, the Court reopened Cornell's motion to compel and allowed him to conduct discovery pursuant to the Sixth Circuit's order. [Doc. 387.]

In August 2012, the Government provided extensive discovery to Cornell, but refused to turn over Lucas's personnel file. [Doc. 397.] The Government argued that the Sixth Circuit's order did not cover the file. [*Id.* at 2.] In response, Cornell filed a motion under Federal Rule of Civil Procedure 37, requesting that the Court order in camera review of Lucas's personnel file. [Doc. 399.] On September 18, 2012, the Court granted Cornell's motion in part. [Doc. 401.] The Court ordered the Government to submit for in camera review the portions of Lucas's personnel file dealing with Cornell's investigation and prosecution. [*Id.*]

According to the Government, after multiple searches, "there [were] no documents in the files searched relating to [Cornell] which can be provided to the Court for an in camera review." [Doc. 406.] Thus because the Government provided discovery pursuant to the Sixth Circuit's order, this Court ordered Cornell to refile or amend his motion to supplement or amend his § 2255 motion. [Doc. 407.] Now Cornell has filed objections to the Court's September 18, 2012, Order. [Doc. 409.]

Case No. 1:03-CR-00431-3
Gwin, J.

## II. Legal Standard and Analysis

As a threshold matter, this Court construes Cornell's written objections as a motion for reconsideration under Rule 59. The Federal Rules do not recognize a motion for reconsideration. The Sixth Circuit has held, however, that a court may treat a motion to reconsider under the standards of Rule 59(e). *See Smith v. Hudson*, 600 F.2d 60, 62–63 (6th Cir. 1979) ("a motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment"). A court may grant a motion to amend or alter judgment if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *See Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Such a motion is extraordinary and sparingly granted. Plaskon Elec. Materials, Inc. v. Allied–Signal, Inc., 904 F.Supp. 644, 669 (N.D. Ohio 1995). Cornell's argument does not justify reopening this Court's order.

Cornell argues that the Court denied his request for "disclosure of impeachment evidence relating to DEA Agent Lee Lucas or for in camera review of Lucas's personnel file for said evidence." [Doc. 409 at 2.] But Cornell is wrong. Instead, this Court has granted him discovery pursuant to the Sixth Circuit's March 26, 2012, order and opinion. [Doc. 375.]

First on May 30, 2012, this Court granted "Cornell . . . limited discovery on the issue of . . . Lucas's participation in the investigation and prosecution of the charges against him." [Doc. 387.] Thus the scope of the Court's order was the same as the scope of the Sixth Circuit's order. [Docs. 375; 401.] As a result, the Government provided Cornell with extensive discovery, including FBI and DEA reports. [Doc. 397.]

Second, the Court granted Cornell in camera review of Agent Lee Lucas's personnel file

-3-

Case No. 1:03-CR-00431-3
Gwin, J.

pursuant to the Sixth Circuit's order. Despite Cornell's assertion that the Court failed to provide him "in camera review of Lucas's personnel file," this Court "grant[ed] Cornell's motion to the extent it [requested] an in camera review of Lucas's personnel file for information related to the investigation and prosecution of Petitioner Cornell." [Doc. 401.] Again, the Court granted Cornell the opportunity to conduct discovery in accordance with the Sixth Circuit's order.

Cornell is not entitled to additional discovery because the Government's search did not return additional information. He is not entitled to make a general inquiry into Lucas's credibility. *See United States v. Driscoll*, 970 F.2d 1472 (6th Cir. 1992). This Court has provided Cornell with the opportunity to conduct discovery in accordance with the Sixth Circuit's order. Now Cornell must refile or amend his § 2255 motion.

### III. Conclusion

For the reasons above, the Court **DENIES** Cornell's Rule 59 motion. As a reminder, Cornell is ordered to refile or amend his § 2255 motion with any relevant material obtained in discovery by November 12, 2012. The Government's response is due November 26, 2012, and Cornell's reply is due December 3, 2012.

IT IS SO ORDERED.

Dated: November 6, 2012              s/ *James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE