UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                            :
STANLEY CORNELL,                            :
                                            :     CASE NO. 1:03-CR-431
              Petitioner,                   :
                                            :
vs.                                         :     OPINION & ORDER
                                            :     [Resolving Docs. 283, 417, 418, 424, & 425]
UNITED STATES OF AMERICA,                   :
                                            :
              Respondent.                   :
                                            :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In February 2004, a federal jury convicted Petitioner Stanley Cornell of three drug offenses. With permission from the Sixth Circuit in the form of a remand, Petitioner Stanley Cornell moves the Court via a *pro se* Supplemental/Amended § 2255 petition for relief.[1] Cornell also requests an evidentiary hearing. The Government opposes the petition.[2] For the following reasons, this Court **DENIES** Petitioner's motion.

### I. Background

In February 2004, Petitioner Cornell went to trial after an indictment charged him with three drug offenses: (1) conspiracy to possess with the intent to distribute more than 50 grams of cocaine base and/or more than five kilograms of cocaine powder; (2) possession with intent to distribute and distribution of approximately 154 grams of cocaine; and (3) using a telephone to facilitate a drug

---

[1] Doc. 417.
[2] Doc. 418.

-1-

Case No. 1:03-CR-431
Gwin, J.

trafficking offense.[3]

On February 25, 2004, Defendant Cornell and co-defendant Norman Pomales' jury trial commenced in this Court.[4] At trial, Drug Enforcement Agency Special Agents Lee Lucas and John Clayton testified for the Government.[5] Special Agent Clayton and Darrel Pinson, an informant, testified that Cornell participated in the controlled buy of 154 grams of cocaine charged in count two of the indictment.[6] Jason Hager, Randall Allman, Paul Sinatra, Rick Sanders, and Lance Hartman, five persons named in the indictment as co-conspirators but not defendants, testified against Cornell regarding the conspiracy count.[7] Furthermore, Benny Ingram, Jason Lilly, Dwayne Washington, and Michael Richardson also testified about the conspiracy charge.[8] Defendant Cornell put on no case-in-chief.[9] On February 27, 2004, a jury returned a verdict of guilty on all counts against Cornell.[10]

As part of the Government's case, Drug Enforcement Administration Agent Lee Lucas testified against Petitioner Cornell.[11] As described, nine other witnesses also testified against Cornell. The jury found Petitioner Cornell guilty of all three counts.[12] The Court sentenced Cornell to life imprisonment, 360 months' incarceration, and 48 months' incarceration (to run

---

[3] Doc. 156.

[4] Doc. 153.

[5] *See* Docs. 208 at 2-50 (Trial Transcript, Vol. I); 209 at 475-516 (Trial Transcript, Vol. II).

[6] *See* Doc. 209 at 484, 544-45 (Trial Transcript, Vol. II).

[7] *See* Docs. 208 at 56-73 (Hager), 108-38 (Allman), 167-78 (Sinatra) (Trial Transcript, Vol. I); 209 at 350-62 (Sanders), 445-46 (Hartman) (Trial Transcript, Vol. II).

[8] *See* Docs. 208 at 199-209 (Ingram) (Trial Transcript, Vol. I); 209 at 246-63 (Lilly), 409-24 (Ingram), 565-73 (Washington), 587-92 (Richardson) (Trial Transcript, Vol. II).

[9] Doc. 210 at 621 (Trial Transcript, Vol. III).

[10] Doc. 156.

[11] *See* Doc. 208 at 2-50 (Trial Transcript, Vol. I).

[12] Doc. 156.

Case No. 1:03-CR-431
Gwin, J.

concurrently).[13]

Lucas gave only limited testimony that related to Cornell. During the Government's direct examination, Lucas's testimony primarily dealt with co-defendant Pomales.[5] On cross examination, Lucas testified that his first personal contact with Cornell was when Lucas arrested him.[5] Moreover, nine people corroborated the testimony and detailed their involvement in the drug trade with Cornell. To illustrate, Jason Lilly testified that he met Cornell in 1998 and began purchasing drugs from him thereafter.[6] He estimated that he purchased between twenty-five and thirty kilograms of cocaine from Cornell.[7] Lilly also stored up to five kilograms of cocaine at a time for Cornell and saw Cornell sell cocaine to other purchasers.[8] Benny Ingram testified that he purchased cocaine from Cornell twenty to twenty-five times in 2000.[9] He also stored more than a kilogram of cocaine for Cornell.[6] Finally, Paul Sinatra testified that he met Cornell in 1999 and purchased four and a half ounces of cocaine from him in 2000.[7]

Petitioner Cornell appealed to the Sixth Circuit.[8] The Sixth Circuit affirmed his convictions.[9] On April 3, 2006, Cornell filed a writ of certiorari in the U.S. Supreme Court, which was denied.[10]

---

[13] Doc. 216.
[5] Doc. 208 at 2-37 (Trial Transcript, Vol. I).
[5] *Id.* at 38.
[6] Doc. 209 at 247-48 (Trial Transcript, Vol. II).
[7] *Id.* at 262.
[8] *Id.* at 252-53.
[9] *Id.* at 422.
[6] *Id.* at 416.
[7] Doc. 208 at 170-71 (Trial Transcript, Vol. I).
[8] Doc. 218.
[9] Doc. 266.
[10] Docs. 276; 281.

Case No. 1:03-CR-431
Gwin, J.

Cornell filed a March 23, 2007 petition under 28 U.S.C. § 2255 seeking to vacate his conviction.[11] After the Government filed an opposition and Cornell replied, Petitioner Cornell filed an August 30, 2008 motion to supplement his § 2255 petition, for a judgment of acquittal or a new trial, and for an evidentiary hearing.[12] Among his other requests, Petitioner Cornell sought to include claims about prosecutorial misconduct and ineffective assistance of trial counsel based in part on the testimony of DEA Agent Lucas.[13] The Court granted Cornell's request to supplemental his petition, but denied the other parts of his motion without an evidentiary hearing.[14]

Magistrate Judge William H. Baughman issued a March 17, 2009 Report and Recommendation recommending the denial of Petitioner Cornell's habeas petition.[15] This Court adopted that Report and Recommendation over Petitioner Cornell's objection.[16]

After Petitioner filed a motion to reconsider[17] that the Court denied,[18] Cornell appealed to the Sixth Circuit.[19] In a March 26, 2012 opinion, the Sixth Circuit remanded for the limited purposes of (1) allowing Cornell "limited discovery" regarding Agent Lucas's role in the "investigation and prosecution of the charges against Cornell" and (2) allowing the Court to reconsider Petitioner Cornell's supplemental or amended § 2255 petition "in light of the fruit of the discovery permitted."[20]

---

[11] Doc. 283.
[12] Doc. 304; *see also* Docs. 290; 291.
[13] Doc. 304.
[14] Doc. 315.
[15] Doc. 330.
[16] Docs. 331; 341.
[17] Doc. 343.
[18] Doc. 345 (vacating a portion of its previous order to allow Petitioner a certificate of appealability).
[19] Doc. 346 at 1.
[20] Doc. 375 at 3.

Case No. 1:03-CR-431
Gwin, J.

Soon thereafter, this Court reopened Petitioner's motion.[21] Petitioner Cornell filed a motion requesting discovery and seeking an *in camera* review of Agent Lucas's "personnel file and any other related documents that the Government deems inappropriate to this discovery request."[22] Cornell also served the Government with interrogatories regarding Agent Lucas's alleged misconduct, one of which was "[a]t the time of Cornell's criminal trial, was DEA Agent Lee Lucas under investigation for misconduct, crime, or corruption, by any law enforcement agency, including Internal Affairs for the agency in which Agent Lucas was employed?"[23]

The Government provided some discovery to Cornell on August 14, 2012.[24] It did not answer the interrogatories or produce Agent Lucas's entire personnel file. The Court issued an August 17, 2012 order denying Petitioner's request and directing Petitioner to file a motion under Federal Rule of Civil Procedure 37 to seek additional discovery.[25]

Petitioner Cornell filed a September 10, 2012 motion again requesting *in camera* review of Agent Lucas's personnel file.[26] The Court issued an order partially granting the motion and directed the Government to submit to the Court any portions of Agent Lucas's personnel file that concerned the investigation and prosecution of Cornell.[27] After the Government responded that there were no such documents,[28] the Court directed the Government to conduct an additional search.[29] After doing so, the Government reached the same conclusion.[30]

---

[21] Doc. 387.
[22] Doc. 395.
[23] Doc. 417-4 at 1.
[24] Doc. 424-1.
[25] Doc. 396.
[26] Doc. 399.
[27] Doc. 401.
[28] Doc. 404.
[29] Doc. 405.
[30] Doc. 406.

Case No. 1:03-CR-431
Gwin, J.

The Court subsequently directed Cornell to file his supplemental or amended § 2255 petition, and Petitioner Cornell filed the instant petition.[31] In this petition, he raises three grounds for relief.[32] First, he says that he received ineffective assistance of counsel when his counsel failed to investigate an individual named Darren Pinson, who, according to other trial witnesses, bought cocaine from Petitioner.[33] Second, Petitioner Cornell says that his counsel was ineffective when counsel failed to conduct an independent investigation into the credibility of Government witnesses and did not discover impeachment evidence that could have been used against certain Government witnesses, including Agent Lucas.[34] Third, Petitioner Cornell says that the Government denied him a fair trial and violated his constitutional rights when it withheld from the defense impeachment evidence concerning Agent Lucas.[35] Cornell says this action violates *Brady v. Maryland*.[36] The Government opposes Petitioner's supplemental § 2255 petition.[37]

## II. Legal Standard

Section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that he alleges is in violation of federal law.[38] Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

> 1) That the sentence was imposed in violation of the Constitution or laws of the United States;
> 2) That the court was without jurisdiction to impose such sentence;
> 3) That the sentence exceeded the maximum authorized by law; or

---

[31] Docs. 411; 417.
[32] Doc. 417.
[33] *Id.* at 1-6.
[34] *Id.* at 6-7.
[35] *Id.* at 7-9.
[36] *Id.*; *see also* 373 U.S. 83 (1963).
[37] Doc. 418.
[38] *See In re Gregory*, 181 F.3d 713, 714 (6th Cir.1999).

Case No. 1:03-CR-431
Gwin, J.

4) That the sentence is otherwise subject to collateral attack.[39]

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[40] Meanwhile, to prevail on a § 2255 motion alleging non-constitutional error, the movant must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."[41]

The decision to grant a habeas petitioner's request for an evidentiary hearing is left to the sound discretion of the district court.[42] " A hearing is unnecessary if the movant's allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact.[43] "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."[44]

### III. Analysis

**A.   Limited Scope of Remand**

As a threshold issue, Petitioner Cornell's Supplemental/Amended § 2255 Motion goes beyond the scope of the Sixth Circuit's remand. In general, the scope of court of appeals' remand binds the district court.[45] To properly assess the scope of the remand, a district court must examine

---

[39] *Hill v. United States*, 368 U.S. 424, 426-27 (1963); 28 U.S.C. § 2255.

[40] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir.1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[41] *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (citing *Hill*, 368 U.S. at 428).

[42] *Schriro v. Landigrand*, 550 U.S. 465, 473-74 (2007) ( "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief.")

[43] *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).

[44] *Schriro*, 550 U.S. at 474.

[45] *See United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999).

-7-

Case No. 1:03-CR-431
Gwin, J.

the appellate court's language to assess whether the appellate court issued a limited or general remand.[46]

Here, the Sixth Circuit specified that the Court must "allow Cornell to engage in *limited discovery relating to Lucas's participation in the investigation and prosecution of the charges against Cornell*" and "reconsider the motion to supplement or amend the § 2255 motion *in light of the fruit of the discovery permitted*." Therefore, the Court need only consider the merits of Petitioner Cornell's claims that involve Agent Lucas and employ the new discovery.

**B.    Grounds for Relief Regarding Agent Lucas**

Petitioner Cornell raises two grounds for relief that involve Agent Lucas. First, he says that his counsel was ineffective when he "failed to conduct an independent investigation" of Agent Lucas and failed to obtain "a ton of impeachment evidence contained in Government files."[47] Cornell says that counsel could have used this evidence both to impeach Agent Lucas and to question other witnesses who Agent Lucas may have influenced.[48] Second, Petitioner Cornell says that the Government denied him a fair trial, violated *Brady*, and violated his constitutional rights when it "deliberately withheld impeachment evidence" regarding Agent Lucas.[49]

The Court finds that both arguments lose. Instead of focusing on Agent Lucas's participation in the investigation and prosecution of Cornell as the Sixth Circuit's remand permitted, Petitioner Cornell's supplemental petition focuses on what he calls impeachment evidence involving Agent Lucas. This focus puts Cornell's supplemental petition outside the scope of the Sixth Circuit's remand.

---

[46] *United States v. O'Dell*, 320 F.3d 674, 679-80 (6th Cir. 2003).
[47] Doc. 417 at 6-7.
[48] *Id.*
[49] *Id.* at 7-9.

-8-

Case No. 1:03-CR-431
Gwin, J.

Even if his supplemental petition fell within the appropriate scope, however, Petitioner Cornell does not point to any evidence uncovered during the round of discovery that supports his claims. Cornell cites the Indictment of Agent Lucas as evidence of "Agent Lee Lucas [being] under investigation for conduct that constituted corruption in his official compacity [*sic*] as a law enforcement agent" during the time "[p]rior to, and during Cornell's criminal jury trial."[50] This makes no sense. The Government indicted Agent Lucas in May 2009, over five years after a jury convicted Cornell.[51] And, the earliest conduct the Lucas indictment describes is in 2005, long after Cornell's conviction.[52]

In addition to relying on the indictment, Petitioner Cornell simply states that "the prosecution was aware that DEA Agent Lee Lucas was under investigation for corruption in his official capacity, and that Agent Lee Lucas's personnel file contained impeachment evidence in which the prosecution was required to disclose to the defense."[53] Cornell provides nothing to support this assertion. And, Cornell himself implicitly admits he does not have support when he says that the Government refused to answer his interrogatories – one of which specifically inquired about whether Agent Lucas was under investigation for misconduct at the time of Cornell's criminal trial.[54]

Without evidence that an investigation of Agent Lucas existed at the time of (or before) his criminal trial, Cornell is unable to make a showing of either an ineffective assistance of counsel claim or a *Brady* violation.

**1.  Reasonable Behavior By Counsel**

---

[50] *Id.*
[51] Doc. 419-1.
[52] *Id.*
[53] Doc. 417 at 8.
[54] *Id.*; Doc. 417-4.

-9-

Case No. 1:03-CR-431
Gwin, J.

Under *Strickland v. Washington*,[55] to prevail on an ineffective assistance of counsel claim in habeas a petitioner must first show that his counsel's performance was deficient.[56] A defendant's counsel performs deficiently when counsel's performance falls short of the norms of the legal profession.[57] In ineffective assistance of counsel claims, the court's review of counsel's conduct is highly deferential and "indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[58] Thus, the burden falls upon the defendant to demonstrate that "counsel's representation fell below an objective standard of reasonableness."[59]

Petitioner Cornell does not make such a showing. Here, Petitioner Cornell presents no evidence to show that trial counsel should have performed an "an independent investigation of Agent Lucas" to avoid falling below an objective standard of reasonableness. Recall that Petitioner Cornell has presented no evidence that Agent Lucas committed misconduct prior to 2005. Recall that he has presented no evidence that the Government conducted an investigation of Agent Lucas prior to 2005. And, recall that he has presented no evidence that Agent Lucas inappropriately influenced or coerced witnesses at Petitioner's own trial. And, recall that Agent Lucas gave almost no testimony related to Cornell – other witnesses gave the damning testimony.

Suggesting that trial counsel should have specifically investigated Agent Lucas when no evidence exists to suggest that at the time of Cornell's criminal trial anyone knew of Agent Lucas's supposed "long history of given sworn false testimony and improperly using and coercing confidential informant's [*sic*] and witnesses" is nonsensical. Such an omission cannot be the basis

---

[55] 466 U.S. 668, 687, 694 (1984).

[56] *Id.* (holding that to prevail on a habeas claim that counsel's assistance was constitutionally ineffective, a movant must satisfy a two-pronged test by showing (1) that counsel's performance was deficient and (2) that this deficient performance prejudiced the defendant).

[57] *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

[58] *Whiting v. Burt*, 395 F.3d 602, 616 (2005) (citing *Strickland*, 466 U.S. at 689 ).

[59] *Strickland*, 466 U.S. at 688.

-10-

Case No. 1:03-CR-431
Gwin, J.

for an ineffective assistance of counsel claim. The Court therefore finds that Petitioner's first ground for relief relating to Agent Lucas fails.

### 2. No Prosecutorial Misconduct

Under *Brady*, Petitioner must demonstrate as a threshold matter that the State withheld evidence from the defense and violated its obligations.[60/] Once again, Petitioner Cornell has not made such a showing. Recall that Petitioner does not present any evidence that the United States knew of Agent Lucas's misconduct at the time of Cornell's trial. Recall that Cornell has not even shown that such evidence of Agent Lucas's misconduct existed at the time of his trial. Without such evidence, Petitioner Cornell cannot demonstrate that the State withheld *Brady* material. The Court finds that Petitioner's second ground for relief relating to Agent Lucas also fails.

### 3. No Prejudice

In this case, even if Petitioner Cornell could demonstrate that relevant evidence of Agent Lucas's misconduct existed, Cornell's claims fail because he cannot show that the lack of disclosure or use of such evidence prejudiced his trial. Both the *Strickland* test for ineffective assistance of counsel claims and the standard for *Brady* violations require that a Petitioner establish a reasonable probability of a different outcome at trial.[61/]

The Court finds that Petitioner Cornell does not show sufficient evidence to overcome this high burden. Even if the Government had disclosed evidence about Agent Lucas's conduct and even if counsel had investigated Agent Lucas, it is highly unlikely that the jury would have decided

---

[60/] *Kyles v. Whitley*, 514 U.S. 419, 432-34 (1995) (holding that to prevail on a *Brady* claim in habeas, a petitioner must demonstrate that (1) the state withheld evidence from the defense at trial and the evidence was (2) material and (3) favorable.); *Brady v. Maryland*, 373 U.S. 83, 87 (1963) (same).

[61/] *See Kyles*, 514 U.S. at 433 (holding that evidence is "material" for *Brady* purposes "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different").; *Strickland*, 466 U.S. at 687, 694 (holding that to establish prejudice satisfying the second prong of the test for ineffective assistance of counsel a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

-11-

Case No. 1:03-CR-431
Gwin, J.

differently. Agent Lucas played a limited role at Petitioner Cornell's trial.[62] Agent Lucas's misconduct does not specifically involve his work on Cornell's case. And, nine other witnesses testified at length about Cornell's role in the drug conspiracy.[63] Even if Petitioner Cornell had evidence of Agent Lucas's misconduct coinciding with the timing of Cornell's trial, it is not likely that the jury would have acquitted Cornell.[64] Therefore, Petitioner Cornell does not show prejudice.

### III. Conclusion

For the foregoing reasons, the Court finds that Petitioner Cornell's habeas claims fail and **DENIES** Petitioner's supplemental § 2255 motion. The Court further finds that no hearing is necessary in the instant matter, as the record of the case conclusively shows that Cornell is not entitled to relief.[65]

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate

---

[62] Docs. 208 at 2-50 (Trial Transcript, Vol. I); 357 at 2-3.
[63] Doc. 357 at 2-3; *see also supra* pp. 2-3.
[64] *See* Doc. 357 at 2-3.
[65] *See Schriro*, 550 U.S. at 474 ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

-12-

Case No. 1:03-CR-431
Gwin, J.
of appealability.[66]

      IT IS SO ORDERED.


Dated: October 1, 2013                        s/ *James S. Gwin*
                                                                    JAMES S. GWIN
                                                                    UNITED STATES DISTRICT JUDGE

---

[66] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).