UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
UNITED STATES OF AMERICA,       :       CASE NO. 1:03-cr-0431
                                                :
       Plaintiff,                      :
                                                :
vs.                                             :       ORDER & OPINION
                                                :       [ Resolving Doc. 444]
STANLEY CORNELL,                    :
                                                :
       Defendant.                     :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Stanley Cornell moves under Federal Rule of Appellate Procedure 4(a)(6) to reopen his time to file an appeal of this Court's denial of his Supplemental/Amended § 2255 motion to vacate his sentence and his Rule 59(e) motion to reconsider that decision.[1] The Government opposes.[2] For the following reasons, the Court **DENIES** the motion.

**I. Background**

In February 2004, a federal jury convicted Cornell of three drug offenses.[3] This Court's previous opinions outline the background of the case[4] and this section recounts only those facts relevant to the instant motion.

On March 23, 2007, Cornell filed a motion to vacate his sentence under 28 U.S.C. § 2255.[5] The Court denied that motion on June 30, 2009.[6] After Cornell appealed this Court's denial of his

---

    [1]Doc. 444.
    [2]Doc. 447.
    [3]Doc. 156.
    [4]Doc. 434.
    [5]Doc. 283.
    [6]Doc. 341; *see also* Doc. 345 (issuing certificate of appealability).

Case No. 1:03-cr-0431
Gwin, J.

initial § 2255 motion, on March 26, 2012, the Sixth Circuit remanded to allow Cornell limited discovery regarding DEA Special Agent Lee Lucas's participation in the investigation and prosecution of Cornell and allowed a Supplemental/Amended § 2255 motion.[7]

Following a series of motions relating to the discovery, on January 24, 2013, Cornell filed his Supplemental/Amended § 2255 motion claiming ineffective assistance of counsel and prosecutorial misconduct.[8] On October 1, 2013, the Court denied that motion and declined to issue a certificate of appealability.[9] Cornell then filed a motion asking the Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e), which the Court denied on February 26, 2014.[10]

Cornell had 60 days to file a notice of appeal as to those decisions.[11] On October 2, 2014, more than 200 days after the Court entered its order, Cornell filed the notice of appeal.[12] Simultaneously, Cornell filed this motion to reopen his time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6).[13] Cornell says the Court should reopen his time to file an appeal because he only missed the 60-day deadline due to not receiving a copy of the Court's order on his Rule 59(e) motion.[14] As soon as he learned of the Court's order and received a copy, he says he

---

[7] *Cornell v. United States*, 472 F. App'x 352, 354 (6th Cir. 2012) (unpublished).
[8] Doc. 417. For a complete recounting of these discovery issues, see Doc. 440.
[9] Doc. 435.
[10] Doc. 440.
[11] *See* Fed. R. App. P. 4(a)(1)(B) (in a civil case, a notice of appeal may be filed within 60 days after entry of the order when one of the parties is the United States). Under Fed. R. App. P. 4(a)(4)(A)(iv), Cornell's Rule 59(e) motion extended the time to appeal the decision denying his Supplemental/Amended § 2255 motion. The two decisions were appealable at the same time, with the deadline running from the day the decision on the Rule 59(e) motion was entered: February 26, 2014.
[12] Doc. 443.
[13] Doc. 444.
[14] *Id.*

Case No. 1:03-cr-0431
Gwin, J.

filed the instant motion.[15]

## II. Legal Standard

Under Federal Rule of Appellate Procedure 4(a)(1)(B), a party seeking to appeal a decision in a civil case where one of the parties is the United States must file a notice of appeal with the district court within 60 days of the decision.[16] The requirement to file a timely notice of appeal is "mandatory and jurisdictional"—a federal appellate court lacks jurisdiction over an appeal unless the appellant follows the proper procedure.[17]

If a party misses this deadline because he was not served with notice of the decision as required by Federal Rule of Civil Procedure 77, he may seek to reopen the time to appeal under Federal Rule of Appellate Procedure 4(a)(6). "Rule 4(a)(6) is the exclusive remedy for reopening the time to file an appeal."[18]

The district court may grant the motion to reopen the time to appeal only when three conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C) the court finds that no party would be prejudiced.[19]

---

[15] *See id.*
[16] Fed. R. App. P. 4(a)(1)(B). In its response brief, the United States says that Cornell needed to file his notice of appeal within 30 days, as required by Fed. R. App. P. 4(a)(1)(A). Doc. 447 at 5. Although the Court finds that the 60-day applies in this case, it ultimately does not matter, since it did not affect Cornell's deadline to file the motion to reopen his time to appeal.
[17] *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 61 (1982); 28 U.S.C. § 2107.
[18] *Hall v. Scutt*, 482 F. App'x 990, 990–91 (6th Cir. 2012); *see* Federal Rule of Civil Procedure 77(d)(2).
[19] Fed. R. App. P. 4(a)(6).

Case No. 1:03-cr-0431
Gwin, J.

Even if all three conditions are satisfied, the Court may, in its discretion, decline to reopen the time to appeal.[20]

### III. Analysis

Cornell says he never received a copy of the Court's order denying his Rule 59(e) motion.[21] He says that as soon as he learned of it, he filed this motion to reopen. The Court has no reason to doubt Cornell. Even though the Court's docket reflects that the clerk mailed a copy of the order to Cornell on February 26, 2014, the Court recognizes that mistakes happen. Further, Cornell offers some evidence in the form of a memorandum from his Bureau of Prisons Case Management Coordinator that says Cornell did not receive any mail from the Court between February 26, 2014, and May 15, 2014.[22] Unfortunately for Cornell, however, it does not matter.

One of the requirements for granting a motion to reopen the time to file an appeal is that the motion be filed within the earlier of (1) 180 days after the order is entered, or (2) 14 days after the moving party receives notice.[23] By the Court's counting, Cornell did not file this motion until about 217 days after the order on his Rule 59(e) motion had been entered. Even though Cornell quickly filed this motion after receiving notice, it was still well outside the 180-day deadline.

The 180-day limit is a hard cutoff that the Court cannot enlarge.[24] The rule "balances the inequity of foreclosing appeals by parties who do not receive actual notice of a dispositive order

---

[20] *Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 369–70 (6th Cir. 2007).
[21] Doc. 444; Doc. 448.
[22] *Cf. Evans v. United States*, 165 F.3d 27, 1998 WL 598712, at *2 (6th Cir. 1998) (unpublished table opinion) (district court did not abuse its discretion in finding that prisoner did in fact receive notice when prisoner presented no evidence supporting his assertion that he did not).
[23] Fed. R. App. P. 4(a)(6)(B).
[24] *See Hall*, 482 F. App'x at 991; *Couture v. United States*, 620 F. Supp.2d 155, 157 (D. Mass. 2009); *see also* 16A Wright & Miller, Fed. Prac. & Proc. § 3950.6 (4th ed. 2014).

-4-

Case No. 1:03-cr-0431
Gwin, J.

against the need to protect the finality of judgments."[25] "Nothing within Rule 4(a)(6) indicates that it is permissive or that its limitations may be waived for equitable reasons."[26] This is true even if the movant does not receive notice until after the 180-day deadline has passed.[27] Although this rule sometimes creates harsh results, that is the policy decision that has been reached by Congress.[28]

### IV. Conclusion

For the foregoing reasons, this Court **DENIES** Cornell's motion to reopen his time to file an appeal.

IT IS SO ORDERED.


Dated: November 26, 2014               s/      *James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE

---

[25] *Vencor Hosps., Inc. v. Standard Life & Accident Ins. Co.*, 279 F.3d 1306, 1309 (11th Cir. 2002).
[26] *Muniz v. Cavazos*, 312 F. App'x 86, 88 (10th Cir. 2008) (quoting *Clark v. Lavallie*, 204 F.3d 1038, 1040 (10th Cir. 2000)) (internal quotation marks and alterations omitted); *accord Bowles v. Russell*, 432 F.3d 668, 673, 676 (6th Cir. 2005) (citing *Clark* with approval for the proposition that the 180-day limit is a strict bar, and construing the 14-day time limit from receipt of notice to be similarly strict), *aff'd*, 551 U.S. 205 (2007).
[27] *See Hall*, 482 F. App'x at 991; *Zimmer St. Louis, Inc. v. Zimmer Co.*, 32 F.3d 357, 361 (8th Cir. 1994).
[28] *See Muniz*, 312 F. App'x 86, 88 (citing *Clark*, 204 F.3d at 1041); 28 U.S.C. § 2107.