UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:03-CR-431 |
| Plaintiff, | : | |
| vs. | : | OPINION & ORDER |
| STANLEY CORNELL, | : | [Resolving Doc No. 473] |
| Defendant. | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Stanley Cornell moves under Federal Rule of Civil Procedure 60(b) for relief from this Court's denial of Cornell's earlier habeas petition.[1] Cornell's arguments center on the same issues addressed in his habeas petition: Cornell's belief that the limited trial testimony of a later-discredited federal agent makes his sentence unconstitutional. Cornell lost these arguments in his habeas petition. Cornell uses this motion to raise these arguments again.

The United States objects, arguing that Rule 60(b) cannot be used to re-litigate questions on the merits.[2] Instead, a Rule 60(b) motion provides relief from a final judgment when there is significant newly discovered evidence or fraud. The Court finds the United States correct. Because Cornell merely re-litigates his case and does not identify a defect in this Court's earlier habeas opinion, the Court **DENIES** Defendant Cornell's motion for relief from judgment.

---

[1] Doc. 473.
[2] Doc. 474.

Case No.1:03-CR-431
Gwin, J.

## I. Background

On November 19, 2003, Petitioner Stanley Cornell was indicted under three drug-related offenses: (1) conspiracy to possess with intent to distribute more than 50 grams of cocaine base and/or more than five kilograms of cocaine powder; (2) possession with intent to distribute and distribution of approximately 154 grams of cocaine; and (3) using a telephone to facilitate a drug trafficking offense.[3]

At trial, five co-conspirators testified against Cornell regarding the conspiracy count.[4] Four additional witnesses testified about the conspiracy charge.[5] A federal agent and an informant testified that Cornell participated in the controlled buy of 154 grams of cocaine charged in count two.[6]

A Drug Enforcement Agency (DEA) Special Agent, Lee Michael Lucas, also offered limited testimony about Cornell.[7] Lucas's testified mostly about a co-defendant. On cross examination, Lucas testified that his first personal contact with Cornell was when Lucas arrested him.[8]

The jury found Cornell guilty of all three counts on February 27, 2004.[9] Cornell was sentenced to life imprisonment for the first count, 360 months of incarceration for the second

---

[3] Doc. 1.
[4] *See* Doc 434 (citing Doc. 208 at 56-73, 1087-38, 167-78; Doc. 209 at 350-62, 445-46).
[5] *See* Doc 434 (citing Doc. 208 at 199-209; 209 at 246-63, 409-24, 565-73, 587-92).
[6] *See* Doc 434 (citing Doc. 209 at 484, 544-45).
[7] *See* Doc 434 (citing Doc. 208 at 2-50).
[8] *Id.*
[9] Doc. 156.

Case No.1:03-CR-431
Gwin, J.

count, and 48 months of incarceration for the third count, to run concurrently.[10] Cornell's direct appeals were denied.[11]

Allegations later arose that Agent Lucas had committed misconduct while working for the DEA.[12] In 2009, the United States indicted Lucas for perjury and placing false evidence.[13] After a jury trial, Lucas was found not guilty.[14] None of the allegations against Lucas related to Cornell's case.

Cornell filed a petition under 28 U.S.C. § 2255 seeking to vacate his conviction.[15] Cornell also filed a motion for a judgment of acquittal or a new trial, and for an evidentiary hearing.[16] Cornell made prosecutorial misconduct and ineffective assistance of trial counsel claims.[17] The Court granted Cornell's request to supplement his petition, but denied his request for a new trial or evidentiary hearing.[18]

Cornell appealed the denial of his motion for a new trial. Cornell asserted that he was entitled to a new trial "based on newly discovered evidence showing that Agent Lucas committed misconduct."[19] Cornell pointed to evidence of Lucas's misconduct in other cases, including the 2009 indictment of Agent Lucas.[20] The Sixth Circuit denied his appeal.[21]

---

[10] Doc. 216.
[11] Doc. 218; Doc. 266 (Sixth Circuit appeal); Doc. 276; Doc. 281 (writ of certiorari to the Supreme Court).
[12] *See United States v. Henderson*, No. 1:07-CR-68, 2010 WL 3075079, at *2 (N.D. Ohio 2010) (summarizing allegations made against Lucas in other cases).
[13] *United States v. Lee Michael Lucas*, 1:09-cr-0222, Doc. 1 (indictment).
[14] *United States v. Lee Michael Lucas*, 1:09-cr-0222, Doc. 93 (judgment of acquittal).
[15] Doc. 283.
[16] Doc. 300; Doc. 304; Doc. 290; Doc. 291.
[17] Doc. 304.
[18] Doc. 315.
[19] Doc. 357 (6th Circuit Opinion in Case No. 08-4341).
[20] *United States v. Cornell*, 08-4341 Doc. 48 (appellant's brief) (providing the docket sheet in *United States v. Lucas*, 1:09-CR-00222 in the Appendix).
[21] Doc. 357.

-3-

Case No.1:03-CR-431
Gwin, J.

Meanwhile, Cornell's § 2255 habeas petition was still pending in this Court. Magistrate Judge William H. Baughman issued a Report and Recommendation recommending the denial of Cornell's habeas petition.[22] This Court adopted Judge Baughman's Report and Recommendation in full.[23]

Cornell moved for reconsideration.[24] This Court denied Cornell's motion for reconsideration, but granted a certificate of appealability.[25] Cornell appealed to the Sixth Circuit.[26] On appeal, Cornell argued that: (1) this court erred when it denied Cornell the opportunity to conduct discovery relating to Lucas; (2) his counsel rendered ineffective assistance by failing to properly investigate Lucas's background and to impeach him at trial; and (3) the prosecutor committed misconduct by presenting Lucas's arguably perjured testimony and by withholding impeachment evidence concerning Lucas.[27]

Cornell again pointed to the 2009 indictment.[28] He also identified other cases alleging Lucas' misconduct, including a Southern District of Florida case called *United States v. Van Schlieffen*.[29]

On March 26, 2012, the Sixth Circuit remanded to allow (1) discovery regarding Agent Lucas' role in Cornell's investigation and prosecution, and (2) the Court to reconsider Cornell's amended § 2255 petition in light of this additional discovery.[30]

---

[22] Doc. 330.
[23] Doc. 341. Cornell objected to the Report and Recommendation. Doc. 331.
[24] Doc. 345.
[25] Doc. 345.
[26] Doc. 346 at 1.
[27] Doc. 375 at 2.
[28] *United States of America v. Stanley Cornell*, Case 09-4362, Doc. 29-1, Appellant's br. at 22.
[29] *Id.* at 16 (citing *United States v. Von Shlieffen*, 93-187-CR, 2009 Dist LEXIS 16843 (2009)).
[30] Doc. 375 at 3.

Case No.1:03-CR-431
Gwin, J.

On May 30, 2012, this Court reopened Cornell's habeas motion.[31] Petitioner Cornell filed a motion requesting discovery and seeking an *in camera* review. The Court ultimately granted the request for *in camera* review and directed the Government to submit to the Court any portions of Agent Lucas's personnel file that concerned the investigation and prosecution of Cornell.[32] After the Government responded that there were no such documents,[33] the Court directed the Government to conduct an additional search.[34] After doing so, the Government reached the same conclusion.[35]

The Court subsequently directed Cornell to file his supplemental or amended § 2255 petition. Cornell did so. In his motion Cornell alleged prosecutorial misconduct and that his trial counsel was ineffective in failing to conduct an investigation into Agent Lucas "who corruptly coerced and influenced other government witnesses."[36] Cornell also argued that "[t]he Government denied Cornell a fair trial in violation of the Fifth and Sixth Amendments to the United States Constitution when it deliberately withheld impeachment evidence" regarding Lucas.[37]

On October 1, 2013, this Court denied Cornell's amended § 2255 petition.[38] The Court pointed out that even after the additional discovery, there was no evidence of Lucas's misconduct in Cornell's case.[39] Moreover, Cornell could point to no evidence that his trial counsel or the prosecution were aware of Lucas's misconduct at the time of his trial in 2005.[40]

---

[31] Doc. 387.
[32] Doc. 401.
[33] Doc. 404.
[34] Doc. 405.
[35] Doc. 406.
[36] Doc. 417 at 6.
[37] *Id.* at 7.
[38] Doc. 434.
[39] *Id.* at 8-9.
[40] *Id.* at 9-11.

Case No.1:03-CR-431
Gwin, J.

The Court found that even if Cornell could have demonstrated that relevant evidence of Agent Lucas' misconduct existed, his claims failed to demonstrate prejudice because of Agent Lucas's minor role in Cornell's trial and because the overall weight of the evidence precluded him from establishing a reasonable probability of a different outcome at trial.[41]

Cornell now moves for relief from this Court's 2013 habeas opinion under Federal Rule of Civil Procedure 60(b).[42] He first claims that he is "actually innocent" of the charge because "the trial evidence was wholly insufficient to establish guilt beyond a reasonable doubt in violation of the Fifth and Sixth Amendments."[43] He points to "newly discovered evidence": the *Von Shlieffen* case and Lucas's 2009 indictment.[44] He writes that "there can be absolutely no doubt that if the jury [had] been able to hear the dishonesty of Agent Lee Lucas, then the outcome of the trial would have been different and the petitioner Cornell would have been acquitted on every count."[45]

Second, Cornell argues that there was judicial and prosecutorial misconduct at his trial because the prosecution did not turn over impeachment evidence and because "the government used the intentional perjured testimony of [Lucas] to convict this petitioner."[46]

Third, he argues that he received ineffective assistance of counsel because of his trial counsel's failure to investigate and impeach Lucas.[47]

---

[41] *Id.* at 11-12.
[42] Doc. 473.
[43] *Id.* at 11-20.
[44] *Id.*
[45] *Id.* at 19.
[46] *Id* at 21-27.
[47] *Id.* at 28-35.

Case No.1:03-CR-431
Gwin, J.

## II.     Legal Standard

Rule 60(b) provides that a court, "may relieve a party . . . from a final judgment, order, or proceeding."[48] In particular, Rule 60(b) lays out six grounds for relief:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Generally, Rule 60(b) only applies in civil actions, and not in criminal cases. However, a defendant may file a 60(b) motion to seek relief from the outcome of his habeas corpus proceedings, which is itself a civil proceeding.[49]

In such a case, a movant must relate the grounds for relief under Rule 60(b) to his habeas decision. For example, a movant must show newly discovered evidence *since his habeas was decided* or show fraud *in the habeas decision itself*.[50]

In contrast, a Rule 60(b) motion cannot be used to re-litigate a petitioner's habeas arguments on the merits or "to present new claims for relief" from the underlying conviction.[51] Such motions are, in fact, second or successive habeas petitions.[52] And second or successive habeas petitions must first be filed in the appropriate court of appeals for an order authorizing the

---

[48] Fed. R. Civ. P. 60(b).
[49] *Gonzalez v. Crosby*, 545 U.S. 524, 529-31 (2005) (citing Fed. R. Civ. P. 60(b)(1)).
[50] *Id.* at 530-31 (citing Fed. R. Civ. P. 60(b)(1)).
[51] *Id.* at 524, 531-32.
[52] *Id.*

Case No.1:03-CR-431
Gwin, J.

district court to consider the application.[53] Second or successive petitions improperly filed with the district court should be transferred to the appropriate circuit.[54]

### III. Discussion

Cornell has not identified a deficiency in the denial of his habeas petition. Instead, Cornell's motion re-litigates the merits of his case.

In his first claim, Petitioner asserts that he is "actually innocent of the conviction."[55] This argument goes to the merits of his case. Moreover, the "newly discovered" evidence he points to has long been available to him. Cornell used the 2009 indictment and the *Von Schlieffen* case during the appeals process. Cornell discovered these materials before this Court's 2013 habeas opinion, not after.

Cornell's second claim is for judicial and prosecutorial misconduct, and his third claim is for ineffective assistance of counsel. Both of these claims are allegations of wrong-doing at Cornell's trial — allegations that were thoroughly addressed and dismissed in the Court's habeas decision. Cornell cannot re-litigate these same issues on a Rule 60(b) motion.

Cornell's motion is a successive habeas petition. It is not properly before the Court at this time. Cornell must first seek certification from the Sixth Circuit.

---

[53] 28 U.S.C. § 2244(b)(3)(A).
[54] *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam) ("[W]e hold that when . . . a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."); *see also* 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . or an appeal . . . is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought . . . .").
[55] Doc. 473 at 11.

-8-

Case No.1:03-CR-431
Gwin, J.

### IV.     Conclusion

This Court **DENIES** Defendant's petition for Rule 60(b) relief from judgment.  This Court **TRANSFERS** the Rule 60(b) motion to the Sixth Circuit.

IT IS SO ORDERED.


Dated:  May 27, 2016                               *s/     James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE