UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 03-cr-431 |
|  | : |  |
| Plaintiff, | : | OPINION & ORDER |
|  | : | [Resolving Doc. 515] |
| vs. | : |  |
|  | : |  |
| STANLEY CORNELL, | : |  |
|  | : |  |
| Defendant. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Stanley Cornell, a USP Victorville inmate serving a mandatory life sentence,[1] moves for compassionate release under 18 U.S.C. § 3582(c).[2]  Claiming pre-existing medical conditions, the dangerous COVID-19 conditions at his prison facility, and post-sentencing law changes that would no longer require a mandatory life sentence, Cornell asks the Court to reduce his sentence to time served.[3]  The Government opposes.[4]  Cornell replies.[5]  For the reasons stated below, the Court **DENIES** Cornell's motion.

## I.    BACKGROUND

On May 13, 2004, this Court sentenced Defendant Cornell to life imprisonment for his role in a 100-kilogram crack and powder cocaine distribution scheme.[6]  Cornell acted as a high-ranking member of the scheme who sold multi-kilogram drug amounts to lower-level

---

[1] Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited Jan. 21, 2021).

[2] Doc. 515; Doc. 524.

[3] *Id.*

[4] Doc. 526.

[5] Doc. 527.

[6] PSR 7–9.

Case No. 03-cr-431
GWIN, J.

distributors.[7]  Cornell robbed a co-conspirator as part of the drug scheme, and during his

prosecution, Cornell threatened potential government witnesses with violent retaliation for

testifying against him.[8]  Even though a jury convicted him, Cornell continues to deny

responsibility for his crimes.[9]

The drug conviction resulting in Cornell's present sentence was not his first.  Before

sentencing, the government introduced a memorandum describing Cornell's five previous

felony drug convictions, including federal cocaine distribution and state drug trafficking

convictions.[10]

Then-applicable federal law required a life sentence for a defendant previously

convicted of two or more "felony drug offense[s]."[11]  This Court accordingly imposed a life

sentence.[12]

The First Step Act of 2018 changed this mandatory minimum sentence provision.  The

applicable statute now requires a minimum 25-year sentence only if the defendant has two

or more prior "serious drug felony or serious violent felony" convictions.[13]  Arguing that only

one of his convictions could meet the new "serious drug felony" definition triggering the

---

[7] *Id.*
[8] *Id.* at 8–9.
[9] Doc. 515.
[10] Doc. 119 at 2.
[11] 21 U.S.C. § 841(b)(1)(A) (amended 2018).
[12] Doc. 217 at 2.
[13] 21 U.S.C. § 841(b)(1)(A).

Case No. 03-cr-431
GWIN, J.

mandatory sentence, Cornell asks that the Court reduce his sentence in consideration of this law change.

Further, it is undisputed that Cornell, 54, has a serious heart condition recognized as a COVID-19 risk factor[14] and that COVID-19 is prevalent at USP Victorville, where Cornell is housed.[15]

With these facts in mind, the Court now turns to Cornell's compassionate release motion.

## II.    LEGAL STANDARD

### A.  Exhaustion

The Court may modify a defendant's sentence upon a defendant's motion filed at least 30 days after the defendant sent a compassionate release request to their facility's warden.[16] On June 10, 2020, Cornell petitioned UPS Victorville's warden for compassionate release.[17] On November 2, 2020, well over 30 days after Cornell's petition, Cornell's counsel filed a supplemental motion for compassionate release in this Court.[18]  Accordingly, Cornell has met 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement.

---

[14] Doc. 526 at 8; *People with Certain Medical Conditions*, CDC (Dec. 29, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.

[15] Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited Jan. 21, 2021).

[16] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Alam*, 960 F.3d 831, 834–35 (6th Cir. 2020).

[17] Doc. 524-1.

[18] Doc. 524.

Case No. 03-cr-431
GWIN, J.

> B. *Eligibility*
>
> To grant compassionate release, the Court must: (1) "find that extraordinary and compelling reasons warrant [a sentence] reduction,"[19] (2) "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) "consider[ ] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."[20]  Presently, there are no applicable Sentencing Commission policy statements for inmate-filed compassionate release motions.[21]

### III.      DISCUSSION

The Court finds that while Cornell's heart condition and Cornell's prison facility COVID-19 prevalence are compelling, releasing Cornell at this time would conflict with the 18 U.S.C. § 3553(a) sentencing factors.

Cornell correctly argues that he likely would not face a mandatory life sentence if sentenced today.  But his offense Federal Sentencing Guidelines range, even if computed in 2021, could include a life sentence.  The Court earlier found that Cornell's conspiracy involved at least 100 kilograms of powder cocaine and at least two kilograms of crack cocaine,[22] resulting in a base offense level of 34.[23]  Cornell held a leadership role in the drug

---

[19] "[I]n the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, – F.3d —, No. 20-3654, 2021 WL 50169, *2 (6th Cir. Jan. 6, 2021).

[20] *Id.* (citing *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A))) (internal quotation marks omitted).

[21] *See Elias*, 2021 WL 50169 at *2 ("[U.S.S.G.] § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions."); *Jones*, 980 F.3d at 1108 (stating that "[t]he Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13" but explaining that "§ 1B1.13 does not 'appl[y]' to cases where an imprisoned person files a motion for compassionate release.").

[22] PSR at 8–9.

[23] U.S.S.G. § 2D1.1(c)(3).

Case No. 03-cr-431
GWIN, J.

conspiracy involving five or more participants, adding four offense levels.[24]  Cornell

attempted to interfere with his prosecution by threating government witnesses with violence,

adding two further offense levels.[25]  And finally, Cornell did not accept responsibility for his

actions and maintains his innocence in the face of overwhelming evidence,[26] foreclosing any

acceptance of responsibility reduction.  This Guidelines calculation results in a total offense

level of 40.

Add to that Cornell's extensive criminal record including numerous drug- and non-

drug-related felony and misdemeanor convictions.  According to the Presentence Report,

Cornell has at least six drug convictions.[27]  Cornell has also been convicted of carjacking,

assault, and repeatedly driving under the influence.[28]  Cornell's extensive criminal history

places him in the maximum criminal history category of VI.[29]

A 40 offense level and a VI criminal history category produce a 360 months to life

Federal Sentencing Guidelines range.[30]  And while this Court may vary downward from that

range,[31] there are several reasons why the Court declines to vary downward.

Cornell's criminal history, as previously mentioned, is significant, including violent

offenses.  And even Cornell's characterization of himself as a "non-violent drug offender"[32]

---

[24] U.S.S.G. § 3B1.1(a).

[25] U.S.S.G. § 3C1.1.

[26] Doc. 515.

[27] PSR 11–19.

[28] *Id.*

[29] *Id.* at 17; U.S.S.G. § 5A.

[30] U.S.S.G. § 5A.

[31] *United States v. Booker*, 543 U.S. 220 (2005).

[32] Doc. 515.

Case No. 03-cr-431
GWIN, J.

in the present offense is misleading.  Cornell robbed a co-conspirator during the drug scheme, and threatened government witnesses.[33]

Further, the Court does not believe that supervised release would adequately protect the public from Cornell's conduct.  In past supervised releases, Cornell has violated supervision terms.  Several times Cornell was either sanctioned or reincarcerated for violating his release terms, either by failing drug tests, failing to report to his probation officer, or committing new crimes.[34] He also has a history of committing additional crimes while other criminal charges are already pending against him.[35]  Cornell thus poses considerable recidivism risk.

Nor can Cornell's criminal behavior be explained by economic hardship. Cornell had a somewhat privileged upbringing, as his father was a successful Cleveland entrepreneur who gave Cornell various employment opportunities throughout his life.[36]  At the time of his conviction, Cornell had amassed some wealth, including business real estate valued at $220,000.[37]

For these reasons, the 18 U.S.C. § 3553(a) sentencing factors weigh against releasing Cornell now.

While the Court sympathizes with Cornell's serious health ailments and recognizes Cornell's COVID-19 exposure risk, there is reason for optimism.  The Bureau of Prisons has

---

[33] PSR at 7–9.
[34] PSR at 11–19.
[35] *Id.*
[36] PSR at 22.
[37] *Id.*

Case No. 03-cr-431
GWIN, J.

begun administering vaccines to its inmates under Centers for Disease Control guidance.[38]

As of January 15, 2021, more than 17,000 vaccine doses have been administered to federal

staff and inmates.[39]  As vaccine distribution increases over time, Cornell should be able to

able to request the vaccine, given his special need for it.[40]

## IV.    CONCLUSION

For these reasons stated below, the Court **DENIES** Cornell's compassionate release

motion.

IT IS SO ORDERED.

Dated: January 22, 2021                          s/      James S. Gwin
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE

---

[38]  Federal Bureau of Prisons, *COVID-19 Vaccination Efforts Commended*, https://www.bop.gov/resources/news/20210116_covid_vaccine_efforts_commended.jsp (Jan. 16, 2021).
[39]  *Id.*
[40]  *Id.*