UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

———————————————————

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:03-cr-00431-2 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 569] |
| v. | : | |
| | : | |
| STANLEY CORNELL, | : | |
| | : | |
| Defendant. | : | |

———————————————————

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Earlier, the Court granted Defendant Stanley Cornell's compassionate release motion because Cornell was serving an unusually long sentence under Sentencing Guidelines § 1B1.13(b)(6).[1]  The Court reduced Cornell's sentence from life to 250 months.

Now, the government moves for reconsideration and a stay pending any potential appeal.[2]  The government asks the Court to reconsider its decision to reduce Cornell's sentence or, in the alternative, to reconsider Cornell's sentence reduction amount.  The government also asks the Court to stay its order pending any potential appeal because there are serious questions about whether the Sentencing Commission exceeded its authority when promulgating § 1B1.13(b)(6).  Cornell opposes both requests.[3]

**Reconsideration.**  The Court can reconsider criminal orders under the standard for Federal Rule of Civil Procedure 59(e).[4]  The grounds for relief under Rule 59(e) are limited

---

[1] Doc. 568.
[2] Doc. 569.
[3] Doc. 571.
[4] *United States v. Square*, 790 F. Supp. 2d 626, 631 n.1 (N.D. Ohio 2011) (citation omitted).

Case No. 1:03-cr-00431-2
GWIN, J.

though.  As relevant here, Rule 59(e) allows courts to reconsider orders to prevent manifest injustice.[5]

The government argues that, by reducing Cornell's sentence to 250 months, the Court caused Cornell to significantly over-serve his sentence once time-credits were considered.[6] This, the government says, might give Cornell credit against any future federal sentence and does not provide enough time for re-entry programming or other release logistics planning.

While it is still appropriate to reduce Cornell's sentence from life to a term of years, the Court finds that giving Cornell potential future sentence credit and releasing Cornell without adequate programming in place is a manifest injustice.  Cornell's life sentence was unusually long and no longer justified, but Cornell's offenses were still serious.  Given the large quantities of cocaine involved in Cornell's offenses,[7] it is not appropriate for Cornell to receive future sentence credit.

To the extent the government asks the Court to impose a 360-month sentence rather than time served, the government has not provided any reason for the Court to reconsider its previous 18 U.S.C. § 3553(a) balancing.  The Court previously found 250 months to be appropriate, though the Court did not intend to give Cornell credit against any future federal sentence.  Indeed, sentencing data shows that defendants recently convicted of similar offenses received sentences close to 250-months.[8]

---

[5] *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).
[6] Doc. 569 at 1.
[7] Doc. 156 at PageID #: 571 (at least 50 grams of crack cocaine and at least 5 kilograms of cocaine).
[8] The average sentence for similarly situated defendants is 255 months, and the median sentence for such defendants is 264 months.  *Judiciary Sentencing Information*, U.S. Sent'g Comm'n, https://jsin.ussc.gov/analytics/saw.dll?Dashboard (select Primary Guideline "§ 2D1.1"; the select Drug Type "Powder Cocaine"; then click Criminal History Category VI, Offense Level 40 in the Sentencing Table chart) (last visited Sept. 10, 2024).

Case No. 1:03-cr-00431-2
GWIN, J.

Given that Cornell would have already satisfied a 250-month sentence once time-credits are accounted for, a time-served sentence, which allows Cornell's release but not future sentence credits, is appropriate.

Therefore, the Court **GRANTS IN PART** the government's motion for reconsideration and **REDUCES** Cornell's sentence to time served.

*Stay Pending Appeal.*  In deciding whether to stay its compassionate release motion, the Court balances four factors:  "(1) whether the government has made a strong showing that [it] is likely to succeed on the merits; (2) whether the government will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other interested parties; and (4) where the public interest lies."[9]

The first two factors "are the most critical."[10]  But, the requirement for the government's likelihood-of-success showing is "inversely proportional to the amount of irreparable harm that will be suffered if a stay does not issue."[11]

The Sixth Circuit has provided some guidance on this issue.  In *United States v. Bricker*, the district court stayed its § 1B1.13(b)(6) compassionate release order pending appeal, and the defendant moved for release pending appeal in the Sixth Circuit.[12]

The *Bricker* panel applied the four-factor stay test.[13]  The panel concluded that the merits issue about the validity of § 1B1.13(b)(6) was an open question and that it is unclear how the issue will be decided.[14]  However, the panel found that the balance of harms—the

---

[9] *United States v. Bass*, 843 F. App'x 733, 734 (6th Cir. 2021) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)) (internal quotation marks omitted) (alteration in original).
[10] *Nken v. Holder*, 556 U.S. 418, 434 (2009).
[11] *Fam. Tr. Found. of Ky., Inc. v. Ky. Jud. Conduct Comm'n*, 388 F.3d 224, 227 (6th Cir. 2004).
[12] *United States v. Bricker*, No. 24-3286, Order at 1–2 (6th Cir. June 26, 2024) [hereinafter *Bricker*].
[13] *Id.* at 3.
[14] *Id.* at 6.

Case No. 1:03-cr-00431-2
GWIN, J.

second through fourth factors—strongly favored release. The panel determined that the defendant faced substantial harm from further incarceration, but the government had little interest in continued incarceration because the defendant's remaining sentence would be short even if the government prevailed.[15]

The situation here is similar. Because § 1B1.13(b)(6)'s validity is an open question, the government has not shown a strong likelihood of success. But on balance, factors two through four disfavor a stay because Cornell faces significant harm. Cornell has a "substantial" interest in release.[16] And although Cornell's original life sentence is indefinite, as the Court noted above, a life sentence is grossly disproportionate to the roughly 250-month average sentence that similarly situated defendants have recently received. The government has little interest in seeing Cornell serve a sentence that much longer than comparable defendants' sentences.

As such, the Court **DENIES** the motion for stay pending appeal.

\*     \*     \*

In summary, the Court **GRANTS** the government's motion for reconsideration and **REDUCES** Cornell's sentence to time served. The Court **DENIES** the government's motion for stay pending appeal.

IT IS SO ORDERED.

Dated: September 11, 2024              s/      James S. Gwin
                                                          JAMES S. GWIN
                                                          UNITED STATES DISTRICT JUDGE

---

[15] *Bricker* at 4 (citing *Hilton,* 481 U.S. at 777).
[16] *Id.*

- 4 -